# Supreme Court of Texas

No. 21-1079

Greg Abbott, in His Official Capacity as Governor of Texas, et al.,
*Petitioners*,

v.

City of San Antonio and Bexar County,
*Respondents*

On Petition for Review from the
Court of Appeals for the Fourth District of Texas

**Argued February 22, 2023**

JUSTICE BLACKLOCK delivered the opinion of the Court.

This case and its companion cases—*Abbott v. Jenkins*, 21-1080, and *Abbott v. Harris County*, 22-0124—concern the division of power between the Governor and local officials during the response to the coronavirus pandemic. In each case, we are asked about the scope and constitutionality of the Governor's authority under the Disaster Act to prohibit local governments from imposing mask requirements.

Beginning in April 2020, San Antonio Mayor Ron Nirenberg, Bexar County Judge Nelson Wolff, Bexar County Health Authority

Junda Woo, and San Antonio City Manager Erik Walsh issued various orders requiring masks in certain circumstances. In July 2021, the Governor issued executive order GA-38, which prohibited local officials from requiring masks.

The city and county jointly filed this lawsuit. The district court issued a temporary restraining order prohibiting enforcement of GA-38, which this Court stayed. *In re Abbott*, No. 21-0687 (Tex. Aug. 15, 2021) (order). The district court then temporarily enjoined the Governor and others from enforcing GA-38 to the extent that such enforcement would interfere with the local officials' authority to require masks in government-owned buildings and schools. *City of San Antonio v. Abbott*, No. 2021CI16133 (Aug. 16, 2021) (order granting temporary injunction). That injunction, which bound the Governor and others who would enforce GA-38, was automatically superseded by the State's appeal. TEX. R. APP. P. 29.1(b). The court of appeals reinstated the temporary injunction pending appeal. *Abbott v. City of San Antonio*, No. 04-21-00342-CV (Tex. App.—San Antonio Aug. 19, 2021) (order). Again, this Court stayed temporary relief. *In re Abbott*, No. 21-0720 (Tex. Aug. 26, 2021) (order). The court of appeals then affirmed the temporary injunction, concluding that GA-38 could not lawfully override the local orders. 648 S.W.3d 498, 508–11 (Tex. App.—San Antonio 2021). None of the injunctions issued by the lower courts has been enforceable during the pendency of this appeal.

We granted the State's petition for review and consolidated this case for oral argument with *Abbott v. Jenkins*, 21-1080, and *Abbott v. Harris County*, 22-0124. After the case was argued, the Governor

allowed GA-38 to expire in response to the enactment of Senate Bill 29, which generally prohibits governmental mask requirements in response to the pandemic. Act of May 28, 2023, 88th Leg., R.S., ch. 336, § 1, sec. 81B.002(a), 2023 Tex. Sess. Law Serv. ch. 336 (to be codified at TEX. HEALTH & SAFETY CODE § 81B.002(a)).

In light of our decision today in *Abbott v. Harris County*, 22-0124, the judgment of the court of appeals is vacated, the temporary injunction is dissolved, and the case is remanded for further proceedings consistent with our opinion in *Abbott v. Harris County*.

James D. Blacklock
Justice

**OPINION DELIVERED:** June 30, 2023

3